**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY SCARSELLA,**
**DENNIS SIMPSON,**
**JASON MANTOVANI,**
**EDWIN R. ROSADO,**
              **Plaintiffs,**

-vs-                                     **Case No. 6:04-cv-1388-Orl-18KRS**

**RAMS HAULING & DEVELOPMENT,**
**INC.,**
**RAMS AUTO CENTER, INC.,**
**HERMAN J. RAMHARRACK,**
              **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. No. 51)**
>
> **FILED:**    **June 9, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

     In this case, the Court directed the Clerk of Court to enter a default against each of the defendants based on their failure to abide by the Court's orders. *See* Doc. Nos. 37, 39, 48 and 49. Thereafter, plaintiffs filed the present motion for a default judgment against all three defendants.

The law requires plaintiffs seeking entry of a default judgment to present evidence sufficient to support their request for damages. *See* Fed. R. Civ. P. 55(b)(2). Here, counsel offers the affidavits of the plaintiffs as evidence of the hours worked and the amounts due and unpaid. The affidavits raise various factual and legal issues that preclude entry of a default judgment at this time. The issues include the following:

1.  The evidence establishes that Defendant Rams Hauling and Development, Inc. was not formed until December 2004. Each of the plaintiffs aver that they stopped working for the defendants long before December 2004. Doc. No. 51-2 ¶¶ 4, 8, 9; Doc. No. 51-3 ¶¶ 4, 8, 9; Doc. No. 51-4 ¶¶ 4, 8, 9; Doc. No. 51-5 ¶¶ 4, 8, 9. It is, therefore, unclear why damages are sought, or could be awarded against, Defendant Rams Hauling and Development, Inc.

2.  Each of the plaintiffs avers that he worked uncompensated overtime hours driving a truck, in addition to other uncompensated overtime hours doing maintenance work. Yet, each plaintiff indicates that he is not seeking compensation for the overtime hours spent driving a truck. Counsel for the plaintiffs have not addressed the Court's authority to ignore evidence that uncompensated overtime hours were worked, considering the public policy underlying the Fair Labor Standards Act (FLSA) requiring payment of minimum wage and overtime compensation anytime it is due under that Act. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). It may be that plaintiffs concede that the method of compensation used with respect to their work driving trucks was sufficient to pay any time worked in excess of forty hours per week in that portion of their jobs. Whatever the reason, the record as it stands is insufficient for the Court to resolve this issue.

3.  The complaint in this case was filed on September 17, 2004. The FLSA permits recovery of past due compensation for three years before a complaint is filed, if the plaintiff

establishes that the failure to pay such compensation was wilful. 29 U.S.C. § 255(a). Counsel provides no legal analysis suggesting that the statute of limitations is inapplicable. Accordingly, in this case recovery of damages before September 17, 2001, three years before the complaint was filed, is precluded by the statute of limitations. Plaintiff Rosado avers that he worked unpaid overtime hours in 2001, but he provides no information to determine which, if any, of those hours were worked on or after September 17, 2001. Doc. No. 51-2 ¶ 10.

    4.     Finally, counsel provided no evidence in support of an award of attorneys' fees or costs.

Accordingly, I respectfully recommend that the plaintiffs be given leave to file a renewed motion for default judgment within eleven days after this Court's ruling on this Report and Recommendation. The renewed motion should be supported by a memorandum of law and revised evidence sufficient to resolve the problems set forth herein. In the absence of a timely filed renewed motion, the case should be dismissed for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

    **DONE** and **ORDERED** in Orlando, Florida on October 5, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties